The facts of the case appear in the opinion of the court delivered by
Randolph, J.
The papers come before us in rather an irregular form; — there being two statements of the case sent up by different, branches of the court below; and under a rule to take proof as to what were the facts in evidence before the court of common pleas, there have been two sets of affidavits taken ; and each of these statements and affidavits differs from the other. Such a course of proceedings may have grown out of the situation of the court and the parties and the circumstances of the case; but it certainly is not to be commended for a precedent, nor yet can this court reject the proceedings, if there shall appear to be sufficient on which to found their judgment. The case according to the papers, is this. Sometime prior to December 1841, Samuel Bridgart of Hudson county, made an assignment for the benefit of his creditors, amongst whom were the plaintiffs in Certiorañ Van Vliet and Wikoff, who filed their account pursuant to law, amounting to $2103; to which Jones and the other defendants in Certiorari, who were also applying creditors of Bridgart, filed their exceptions ; and this claim and the exceptions thereto coming before the court of common pleas for trial, neither party demanding a jury, the court disallowed the account on the ground that Van Vliet and Wikoff had taken a bond and mortgage of Bridgart for the same account. Although there is much discrepancy as to what was proved before the court,fortunately as to this bond and mortgage, both the statements and affidavits substantially agree; and from these sources it appears to have been proved before the court below, that Bridgart had an account with the plaintiffs for goods bought of them, and that as a collateral security both as to that account and *342 also a further running account, all of which is embraced in the present claim, the bond and mortgage were given, — a small note was also included in the account and covered by the security. The mortgage was on a house and lot in Jersey City, being the third in priority, and a bill to foreclose was filed by one of the prior mortgagees and the plaintiffs made parties, who also became the purchasers of the property, on its being sold under a decree, for fifteen dollars less than the amount of the prior incumbrances. There can be no doubt as a general rule, that the taking of a bond and mortgage or other security of a higher nature extinguishes a debt arising from mere matter of account; yet this will depend on the intention of the parties. If the higher security was given as the future evidence of the debt, to which the party was to look for payment, then the less security would merge in the greater; but if the higher security was to be merely additional or collateral to the less, showing that the intention of the parties was to keep the latter open, to be looked to for payment in any event — then the less is not extinguished by the greater security. This doctrine is familiar, and may be found in most of the elementary works and cases that treat upon this subject, particularly in Chitty on Contracts, 607, and authorities there cited. The defendant’s counsel admitted the position, but insisted that it must appear upon the face of the instrument itself,, that it was an additional or collateral security, and the works that treat on this subject and cases adduced, seem to give countenance to this idea; for in the former it is usually stated as an exception to the general doctrine of merger, that if it appear upon the face of the instrument that it is intended to be a further or collateral security, then the rule of merger does not apply, and the cases referred to by counsel, are of the description where the matter appeared upon the face of the instrument. But these authorities, although they show very clearly that when the matter does so appear the general rule of extinguishment does not apply, yet they do not therefore prove that when it does not so appear the rule does apply; and if such cases do exist the labors of counsel and the researches of the court have failed to produce them. Deciding the case then upon principle rather than precedent, the question of extinguishment or not is one of intention. *343 What did the parties mean by the transaction ? Did they intend that the old security should remain open and the new one be merely collateral or additional; or did they intend to extinguish the former ? This intention is of course to be collected from the face of the instrument itself, where it so appears; and if it does not so appear, then from the next best evidence: the only difference being, that in the former case the security itself proves the exception to the rule, and also the intention of the parties, whilst in the latter, the party alleging the exception must prove it.— And in this no evil can arise, there is no parol contradiction of a written instrument, but only an explanation as to the object for which it was given. A contrary doctrine would prohibit parol proof of the payment of a collateral security, by the payment of the original claim, unless it appeared upon the face of the collateral that it was such. In this particular the court of common pleas erred, and their proceedings should be reversed.
Judgment reversed.
Nevius, J., and Whitehead, J., concurred: Hornblower, O. J., and Carpenter J., did not hear the argument, and gave mo opinion.